1  TRINETTE G. KENT (State Bar No. 222020)
2  3219 E. Camelback Road, Suite 588
   Phoenix, AZ 85018
3  Telephone:  (480) 247-9644
4  Facsimile:  (480) 717-4781
   E-mail: tkent@lemberglaw.com
5
6  Of Counsel to
   Lemberg Law, LLC
7  43 Danbury Road
8  Wilton, CT 06897
   Telephone:  (480) 247-9644
9  Facsimile:  (203) 653-3424
10
11 Attorneys for Plaintiff,
   Nick Cornett
12

13              UNITED STATES DISTRICT COURT
14            EASTERN DISTRICT OF CALIFORNIA
                   SACRAMENTO DIVISION
15
16
   Nick Cornett,                    Case No.:
17
18            Plaintiff,            **COMPLAINT FOR DAMAGES**
19       vs.                        **FOR VIOLATIONS OF:**
                                      **1. THE FAIR DEBT COLLECTION**
20                                    **PRACTICES ACT; AND**
21 D. Scott Carruthers, A Professional Law   **2. THE ROSENTHAL FAIR DEBT**
   Corporation,                       **COLLECTION PRACTICES ACT**
22
23            Defendant.            **JURY TRIAL DEMANDED**
24
25
26
27
28

Plaintiff, Nick Cornett (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against D. Scott Carruthers, A Professional Law Corporation (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff is an adult individual residing in Roseville, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6.     Defendant is a business entity located in Stanton, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

2

7.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8.      Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9.      Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10.      Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11.      At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12.      Within the last year, Defendant initiated efforts to collect a debt from Plaintiff.

3

COMPLAINT FOR DAMAGES

13.     On or about September 12, 2018, Defendant left a voicemail on Plaintiff's mother-in-law's answering system, disclosing that it was calling in an attempt to collect a debt from Plaintiff.

14.     Defendant's actions caused Plaintiff to suffer a significant amount of stress, anxiety and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

15.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

16.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

17.     Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

18.     Defendant called a third-party for a purpose other than to obtain location information regarding the Plaintiff, in violation of 15 U.S.C. § 1692b.

19.     Defendant communicated with a person other than Plaintiff and stated that Plaintiff owes a debt, in violation of 15 U.S.C. § 1692b(2).

4

20.     Defendant communicated with a person other than Plaintiff, Plaintiff's attorney, or a consumer-reporting agency regarding Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692c(b).

21.     Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22.     The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

23.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

24.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25.     The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

26.     Defendant communicated with Plaintiff's family regarding the alleged consumer debt and for a purpose other than to locate the Plaintiff, in violation of Cal. Civ. Code § 1788.12(b).

5

27.     Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

28.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F.  Punitive damages; and

G.  Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

COMPLAINT FOR DAMAGES

DATED:  January 3, 2019                    TRINETTE G. KENT

                                           By:  /s/  Trinette G. Kent
                                           Trinette G. Kent, Esq.
                                           Lemberg Law, LLC
                                           Attorney for Plaintiff, Nick Cornett

7